Argued and submitted May 12, ballot title certified June 18, 1998

Walter HUSS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S45219)

959 P2d 46

Terrance L. McCauley, Estacada, argued the cause and filed the petition on behalf of petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause on behalf of respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.

KULONGOSKI, J.

Durham, J., concurred and filed an opinion.

## KULONGOSKI, J.

The issue in this original ballot title proceeding is whether the Attorney General's certified ballot title for proposed initiative 79 violates ORS 250.035(6). Petitioner asserts that the certified ballot title for proposed initiative 79 impermissibly resembles the previously filed ballot title for proposed initiative 28, submitted for the same election, and that ORS 250.035(6) requires this court to modify the ballot title for proposed initiative 79 to eliminate that resemblance.

The Attorney General certified the following ballot title for proposed initiative 79:

"AMENDS CONSTITUTION:
ESTABLISHES 2.2 PERCENT 'GROSS RECEIPTS TAX';
PROHIBITS OTHER REVENUE SOURCES

"RESULT OF 'YES' VOTE: 'Yes' vote establishes 2.2 percent 'Gross Receipts Tax;' prohibits other state, local revenue-generating sources.

"RESULT OF 'NO' VOTE: 'No' vote rejects 2.2 percent 'Gross Receipts Tax;' retains current state, local revenue-generating sources.

"SUMMARY: Amends Constitution. Imposes 2.2 percent tax on gross consideration received as: employment compensation, rent, business interest/dividends, insurance premiums, commissions, proceeds from sale/barter of property/services. Exempts retirement, pension, disability payments. Exempts certain incidental transactions, sales of goods/services for use outside state, security sales, intergovernmental transactions. Prohibits other state and local taxes, fees and assessments, with listed exceptions. Allows additional local 'gross receipts tax,' user charges, fines, gifts, certain listed revenue sources. Abolishes government bonding authority. Provides for revenue distribution. Changes school funding."

The previously certified ballot title for proposed initiative 28 provides:

"AMENDS CONSTITUTION:
ESTABLISHES GROSS RECEIPTS TAX,
PROHIBITS OTHER STATE AND LOCAL TAXES

"RESULT OF 'YES' VOTE: 'Yes' vote establishes 2.5 percent gross receipts tax on transactions; prohibits other state, local taxes.

"RESULT OF 'NO' VOTE: 'No' vote rejects 2.5 percent gross receipts tax on transactions; retains current state, local taxes.

"SUMMARY: Amends Constitution. Eliminates all state, local taxes, fees, assessments, bonding authority, with listed exceptions. Establishes 2.5 percent tax on consideration received for sales or other exchanges of materials, goods, services, labor, real estate, personal property or things of value. Exempts certain banking transactions, gifts, certain noncommercial transactions, pensions, insurance benefits, sales of goods/services for use outside state. Requires 60 percent vote, plus majority vote in majority of counties/precincts voting, to increase tax, adopt local tax, repeal or amend provision. Provides for revenue distribution."

■ In *Carlson v. Myers*, 327 Or 213, 223, 959 P2d 31 (1998), this court held that the term "resemble," as used ORS 250.035(6), has its "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Specifically, "resemble" means "to be like or similar, so as to suggest another or to give the appearance of another." *Carlson*, 327 Or at 223 (internal quotation marks omitted).

■ Assuming, without deciding, that the ballot titles at issue here resemble one another, such resemblance is not fatal. As we explained in *Carlson*, 327 Or at 227, ORS 250.035(6) does not prohibit unconditionally all resemblance between or among ballot titles. Rather, the statute prohibits resemblance between or among ballot titles if such resemblance would cause voter confusion. *Id.* at 227. The ballot titles under consideration here describe accurately two proposed ballot measures dealing with the same issue: the establishment by initiative of a gross receipts tax as a replacement for all other state and local revenue sources. Where, as here, similar ballot titles accurately reflect the extensive similarities between two proposed initiative measures, those accurate ballot titles do not create a risk of voter confusion. *Gray v. Myers*, 327 Or 239, 243, 959 P2d 44 (1998).

■    Petitioner also asserts that the ballot title certified by the Attorney General for proposed initiative 79 does not substantially comply with the requirements of ORS 250.035 as required by ORS 250.085(5), because the Attorney General failed to discuss in the summary the "legislature's power to control distribution of local gross receipts tax revenue" and the "complete reorganization of school funding" undertaken by proposed initiative 79. That argument is not well taken. As petitioner concedes, proposed initiative 79 contains "so many important provisions that, given ballot title word limitations, it is impossible to cover all important effects" of the measure. Given the statutory word limitations, the Attorney General's certified ballot title for proposed initiative 79 "substantially complies" with the requirements of ORS 250.035. ORS 250.085(5).

We certify the Attorney General's ballot title for proposed initiative 79.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**DURHAM, J.,** concurring.

I concur in the majority's decision to certify the Attorney General's ballot title for initiative 79, but not for the reason expressed by the majority. The majority asserts that no voter confusion will result from the certification of similar ballot titles for initiatives 28 and 79.[1] I disagree. However, for the reasons expressed in my concurring opinion in *Carlson v. Myers*, 327 Or 213, 227, 959 P2d 31 (1998) (Durham, J., concurring), I am satisfied that the Attorney General's ballot title complies substantially with applicable statutory requirements. ORS 250.085(5).

Due to the limitations of the English language, the Attorney General cannot satisfy the requirements of ORS 250.035(2) to (5) and, at the same time, eliminate all resemblance between the ballot titles for initiatives 28 and 79, in literal compliance with the text of ORS 250.035(6). The Attorney General's ballot title confines the degree of resemblance

---

[1] The majority assumes that measures 28 and 79 resemble each other, within the meaning of ORS 250.035(6), but does not so hold. I adopt the same assumption.

to the minimum. The ballot title otherwise complies with ORS 250.035(2) to (5). Accordingly, I agree that this court should certify it.

I concur.