Argued and submitted May 6, ballot title certified June 18, 1998

Roger GRAY
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S45155)

959 P2d 44

Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition on behalf of petitioners.

Erika L. Hadlock, Assistant Attorney General, Salem, argued the cause on behalf of respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.

KULONGOSKI, J.

Durham, J., concurred and filed an opinion.

## KULONGOSKI, J.

The issue in this original ballot title proceeding is whether the Attorney General's certified ballot title for proposed initiative 75 violates ORS 250.035(6). Petitioners assert that the certified ballot title for proposed initiative 75 impermissibly resembles the previously filed ballot title for proposed initiative 74, submitted for the same election, and that ORS 250.035(6) requires this court to modify the ballot title for proposed initiative 75 to eliminate that resemblance. For the reasons that follow, we certify the Attorney General's certified ballot title for proposed initiative 75.

The Attorney General certified the following ballot title for proposed initiative 75:

"AMENDS CONSTITUTION: REGULATES CAMPAIGN FINANCE DISCLOSURES, SIGNATURE GATHERING; GUARANTEES CERTAIN CONTRIBUTION METHODS

"RESULT OF 'YES' VOTE: 'Yes' vote increases campaign finance disclosures, signature gathering regulations; guarantees limited types of contribution methods.

"RESULT OF 'NO' VOTE: 'No' vote rejects: additional disclosure requirements, signature gathering regulations; guaranteeing limited types of contribution methods.

"SUMMARY: Amends constitution. Existing statutes require disclosing certain campaign finances. Measure adds constitutional requirements for prompter disclosure of contributions $500 or more; more frequent disclosure of contributions/expenditures for referendum/initiative petitions. Requires disclosing entity authorizing/paying for political advertising. Authorizes legislature to regulate, prohibit paying signature gatherers if it finds practice has caused fraud, other abuses. Guarantees individuals' right to make campaign contributions through certain methods, but not including methods using public resources. Prohibits payments for signing/not signing petitions. Specifies penalties. Other provisions."

The previously certified ballot title for proposed initiative 74 provides:

"AMENDS CONSTITUTION: REQUIRES CAMPAIGN FINANCE DISCLOSURES; REGULATES SIGNATURE GATHERING; GUARANTEES CONTRIBUTION METHODS

"RESULT OF 'YES' VOTE: 'Yes' vote requires additional campaign finance disclosures; regulates signature gathering; guarantees certain contribution methods.

"RESULT OF 'NO' VOTE: 'No' vote rejects requiring additional campaign finance disclosures, regulating signature gathering, guaranteeing certain contribution methods.

"SUMMARY: Amends constitution. Existing statutes require disclosing certain campaign finances. Measure adds constitutional requirements for prompter disclosure of contributions $500 or more; more frequent disclosure of contributions/expenditures for referendum/initiative petitions. Requires disclosing entity authorizing/paying for political advertising. Legislature may regulate, prohibit paying signature gatherers if it finds practice has caused fraud, other abuses. Guarantees individuals' right to make campaign contributions using certain methods. Secretary of State must promptly publish finance reports. Prohibits payments for signing/not signing petitions. Specifies penalties. Other provisions."

The captions in these two ballot titles are nearly identical, as are the "yes" and "no" result statements. The issues discussed and the wording used in both summaries are nearly identical. We conclude that the Attorney General's certified ballot title for proposed initiative 75 resembles the previously filed ballot title for proposed initiative 74, because they are "alike or similar, so as to suggest another or to give the appearance of another." *Carlson v. Myers*, 327 Or 213, 223, 959 P2d 31 (1998) (internal quotation marks omitted).

■■    Nonetheless, we disagree with petitioners that ORS 250.035(6) *requires* this court to modify the ballot title for proposed initiative 75. As we explain today in *Carlson*, 327 Or at 227, ORS 250.035(6) does not prohibit unconditionally all resemblance between or among ballot titles. Rather, the statute prohibits resemblance between ballot titles only where such resemblance would cause voter confusion. *Id.* at 227. Where, as here, similar ballot titles accurately reflect the extensive similarities between two proposed initiative

measures, those accurate ballot titles do not create a risk of voter confusion.

We certify the Attorney General's ballot title for proposed initiative 75.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**DURHAM, J.,** concurring.

I concur in the majority's decision to certify the Attorney General's ballot title for initiative 75, but not for the reason expressed by the majority. The majority asserts that no voter confusion will result from the certification of similar ballot titles for initiatives 74 and 75. I disagree. However, for the reasons expressed in my concurring opinion in *Carlson v. Myers*, 327 Or 213, 227, 959 P2d 31 (1998) (Durham, J., concurring), I am satisfied that the Attorney General's ballot title complies substantially with applicable statutory requirements. ORS 250.085(5).

Due to the limitations of the English language, the Attorney General cannot satisfy the requirements of ORS 250.035(2) to (5) and, at the same time, eliminate all resemblance between the ballot titles for initiatives 74 and 75, in literal compliance with the text of ORS 250.035(6). The Attorney General's ballot title confines the degree of resemblance to the minimum. The ballot title otherwise complies with ORS 250.035(2) to (5). Accordingly, I agree that this court should certify it.

I concur.